# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BERNICE FRIMPONG**, <br><br> Plaintiff, <br><br> -against- <br><br> **MY HEALTH PHARMACY INC., 1210 WEBSTER AVENUE, LLC**, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown, <br><br> Defendants. | **PROPOSED DEFAULT JUDGMENT** <br><br><br> **CASE NO.: 22-cv-6664-MKV** |

On _____ the Court considered the application of BERNICE FRIMPONG ("Plaintiff") for entry of default judgment and permanent injunction against MY HEALTH PHARMACY INC. and 1210 WEBSTER AVENUE, LLC ("Defendants") under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

After considering the papers submitted in support of, and in opposition to, the Motion and the papers on file in this action, the Court finds as follows:

1. Defendants failed to appear in this action by timely pleading, or responding to, or otherwise defending against, the Complaint in this action after being properly served with that Complaint. Accordingly, the clerk certified default against Defendants, under Rule 55(a) of the Federal Rules of Civil Procedure, on December 13, 2022 [ECF Doc. No. 18].

2. Defendants are neither minors, nor incompetent persons, nor current members of the military service.

3. Plaintiff established that Defendants are liable to Plaintiff for attorney's fees and costs that will be established by Declaration of Attorney's Fees and Costs.

1

4. Plaintiff further established that permanent injunction must be issued for the reasons enumerated below.

   a. Defendants own, and/or lease, and/or operate, and/or have control over, the Subject Facility (as defined in the Complaint [ECF Doc. No. 1]), which is a store. It is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7)(E), and 28 CFR §36.104 Place of public accommodation (5), New York State Human Rights Law §292(9), and New York City Human Rights Law, Admin. Code of the City of New York, §8-107(4).

   b. Defendants, at all relevant times, were owners, and/or leased, and/or leased to, and/or managed, and/or had control over, and/or operated, and/or designed, and/or constructed, and/or built, and/or maintained, and/or altered the Subject Facility.

   c. The Subject Facility has multiple barriers to access by individuals with disabilities in violation of the Americans with Disabilities Act and constitutes discrimination under 42 U.S.C. §12182, §12183 and §12188(a), NYS Civil Rights Law §40-c and §40-d, NYS Human Rights Law §296 and New York City Human Rights Laws [Administrative Code] §8-107.

5. The specific barriers to access present at the Subject Facility are enumerated in Plaintiff's Complaint.

6. The barriers to access the Subject Facility violate 42 U.S.C. §12183(a)(1) and §12188(a)(2) mandates an injunction to remedy these violations. An injunction is necessary to ensure that the Subject Facility is readily accessible to Plaintiff and other individuals with disabilities.

7. Plaintiff is an individual with a disability, who uses a manual wheelchair and who had suffered an injury-in-fact. She will suffer from discrimination and is going to be injured in the future if the barriers to access to the Subject Facility are not removed.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment be entered against Defendants as follows:

A. A permanent injunction is granted

  i.) Enjoining Defendants, their officers, management personnel, employees, agents, successors, and assigns from engaging in discrimination based on disability;

  ii.) Requiring Defendants to alter their Subject Facility to make it readily accessible to, and usable for, individuals with disabilities;

  iii.) Compelling Defendants to make all necessary modifications to their policies, practices, and procedures, so that Plaintiff would not be subject to further discrimination;

  iv.) Ordering Defendants to modify their policies, or procedures, or provide an alternative method, so that Plaintiff would be able to obtain the full and equal enjoyment of the Subject Facility owned, operated, maintained, or leased, by Defendants, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws, and the New York City Human Rights Laws; and

  v.) Ordering Defendants to make the Subject Facility readily accessible to and usable by individuals with disabilities;

K.     The Subject Facility owned, operated, leased, controlled, maintained and/or administered by Defendants violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Law, and the New York City Human Rights Law;

L.     Defendants will alter their Subject Facility and amenities to make it accessible to, and usable by, Plaintiff and individuals with disabilities to the full extent required by Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

M.     Defendants are liable to Plaintiff in the amount of $500 in statutory monetary damages for the violations. That sum is awarded to Plaintiff pursuant to New York State Civil Rights Laws §40-c and §40-d;

N.     Defendants are liable to Plaintiff for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law;

O.     Jurisdiction is retained over Defendants until their unlawful practices, acts, and omissions no longer exist;

P.     Plaintiff is a prevailing party in this litigation and is awarded attorney's fees, expert fees, costs, and expenses in an amount to be shown by Declaration of Attorney's Fees and Costs within 60 days after the entry of this Order;

Q.     Defendants will remediate all violations of the ADA, which were enumerated in the Complaint, and take the following actions:

    i.) submit to Plaintiff's counsel architectural plans that remedy the violations, identified in the Complaint, within 60 days of the filing of the proof of service and Memorandum and Order;

ii.) within 30 days from receipt of Defendants' plans, Plaintiff shall consent to them, or seek further relief from the Court; and

iii.) Defendants will make any necessary alterations within 60 days of Plaintiff's consent, or subsequent Order of this Court.

IT IS SO ORDERED.

Signed:

_____, 2022

Mary Kay Vyskocil,
United States District Judge